NORMAN SILLS, Plaintiff, *v.* CLAIR MEYERS, Defendant.

City Court of Hornell, April 4, 1939.

*James G. Austin,* for the plaintiff.

*Harold F. Lieb,* for the defendant.

HILL, J. For several miles the plaintiff was operating his automobile on or about the 11th day of December, 1938, on the highway leading from Dansville, Livingston county, N. Y., southerly to the city of Hornell, N. Y., in the early evening and the defendant was operating his automobile in the same direction on the same highway in the rear of plaintiff's automobile for several miles. After the plaintiff's automobile had proceeded part way through the village of Arkport on the said highway the plaintiff observed a cat crossing the highway, and, as testified by him, in order to avoid hitting the cat, he suddenly stopped his automobile but did not give any signal by extending his arm in a horizontal position out of the window of said automobile. As a result of said sudden stopping the defendant's automobile collided with the rear of plaintiff's automobile, pushing it forward and causing plaintiff's automobile to run over and kill the cat.

Prior to the adoption of the Vehicle and Traffic Law of the State of New York it was the law that a driver of an automobile owed a duty to vehicles proceeding along the highway in front of his automobile, but not in the rear. By the adoption of the Vehicle and Traffic Law such duty was changed. Subdivision 1 of section 83 of the Vehicle and Traffic Law provides: " Except in an emergency, before decreasing speed or stopping, the driver of a vehicle shall give warning, either by holding his arm straight out horizontal and at right angles to the vehicle, or by operating an adequate mechanical signal device."

According to the testimony the plaintiff's automobile was equipped with a tail light or lights having a red lens and in addition an extra bulb in the tail light which was connected with the brake of the automobile so that when the brake was depressed a light bulb was lighted so that it caused the lens of the tail light to show a brighter red and that such tail light was operating at the time of the accident. The question, therefore, arises as to whether or not such a device was an adequate mechanical device at night, although it may be,

such in the day time. There was no word " stop " or anything else in connection with the tail light on plaintiff's automobile which would indicate to an operator of an automobile proceeding in the rear of the plaintiff's automobile that the plaintiff's automobile was about to slow down or stop except a brighter red light, and if the driver of an automobile in the rear of plaintiff's automobile did not happen to see the additional brightness of the tail light come on it would be no indication that the plaintiff's automobile was about to slow down or stop. This situation would be very much augmented if the car proceeding ahead was going down a long hill and the car in the rear did not see even the tail lights of the car in front until after the second car started down the hill and if the car in the front was holding back the speed of the car by putting on the brake a small amount, the brighter red light would be burning all the time and there would be nothing to indicate to the car in the rear any indication of a sudden stopping. It, therefore, seems to the court that the device which was claimed to be a stop light on the plaintiff's automobile is not an adequate signal device at night for stopping or slowing down.

The crossing of the road by the cat was not an emergency so that under the Vehicle and Traffic Law the plaintiff was obliged either to give a signal by holding out his arm or by an adequate mechanical signal device. If, of course, a person or a large animal or a large object was in the road which if collided with would have caused injury to a person or damage to property, it would be an emergency and the driver of such car would not be obliged to give any signal before stopping. In view of the duty imposed on the driver of an automobile, as before stated, before slowing down or stopping to give a warning and the plaintiff failed to give such warning as required by the Vehicle and Traffic Law, the plaintiff was negligent, which negligence contributed to the accident, and cannot recover even though the defendant was negligent.

The defendant claims he suffered damage to his automobile because of the negligence of the plaintiff. The evidence shows that the defendant had followed the plaintiff's automobile for several miles prior to the accident and knew that the plaintiff's automobile was ahead of him. The evidence also shows that after the defendant observed the plaintiff's automobile had stopped in the road he applied his brakes on his automobile, which were in good working order, and slid the wheels of his car according to his testimony a distance of at least thirty feet. Evidently just before the collision the defendant was operating his automobile at too high a rate of speed under all the circumstances and was negligent to that extent and were it not for the defendant's contributory negli-

gence should recover against the plaintiff for his damage, but the negligence of the defendant contributed to the accident and, therefore, prevents the defendant from recovering.

Under all the circumstances plaintiff is not entitled to recover against the defendant nor the defendant entitled to recover against the plaintiff for the damages suffered by each.

Judgment is directed in favor of the defendant dismissing the plaintiff's complaint and in favor of the plaintiff dismissing the defendant's counterclaim. Therefore, judgment is entered in favor of the defendant against the plaintiff of no cause of action and for the sum of five dollars and fifty cents costs.